## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 07-81047-CIV-HURLEY/HOPKINS

**HUDSON AND KEYSE, LLC,**

  **Plaintiff,**

**vs.**

**GOLDBERG & ASSOCIATES, LLC, et al.,**

  **Defendants.**

               /

### ORDER GRANTING IN PART AND DENYING IN PART
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

   **THIS CAUSE** is before the court upon plaintiff's motion for summary judgment [DE # 28]. For the reasons expressed below, the court will grant the motion in part, deny the motion in part, and enter summary judgment in favor of the plaintiff against one of the defendants.

### BACKGROUND

   This is an action for breach of contract.   The facts given below are drawn from the pleadings and record evidence, and have been viewed in the light most favorable to the defendants as the non-moving parties.  *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

   Plaintiff Hudson and Keyse, LLC ("H&K") buys and sells debts.  On July 27, 2007, H&K and defendant Goldberg & Associates, LLC ("Goldberg")[1] entered into a contract for the sale to Goldberg of certain unpaid consumer debt accounts held by H&K.  *See* Compl. Ex. A.  Goldberg agreed to pay H&K approximately $2.4 million for 7,927 accounts with an aggregate unpaid balance of roughly $48 million.  *See id.* Ex. A.

---

[1]  Defendant Steven Goldberg is the managing member of Goldberg & Associates, LLC.

Although H&K provided Goldberg with the confidential account information as required by the parties' contract, Goldberg did not make the required $2.4 million payment. H&K became concerned that Goldberg was attempting to collect on the accounts with information H&K had provided under the contract, without having paid for them. Accordingly, on August 24, 2007, and August 31, 2007, H&K sent letters to Goldberg, demanding that Goldberg cease and desist its collection efforts on the subject accounts; that Goldberg return all debtor and account information relating to those accounts; and that Goldberg forward to H&K any payments already received on those accounts. *See* Compl. Exs. B, C. H&K then filed this action on November 5, 2007.

## JURISDICTION

This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are completely diverse.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1) because all defendants reside in the Southern District of Florida.

## DISCUSSION

### A.     *Standard of Review on Motion for Summary Judgment*

Summary judgment is warranted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56©; *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of meeting this exacting standard. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In determining whether summary judgment is appropriate, the facts and inferences from the record are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to

2

establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Matsuhita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The non-moving party, however, bears the burden of coming forward with evidence of each essential element of his claims, such that a reasonable jury could return a verdict in his favor. *See Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002). In response to a properly supported motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The existence of a mere scintilla of evidence in support of the non-movant's position is insufficient; there must be evidence on the basis of which a jury could reasonably find for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A complete failure of proof concerning an essential element of the non-movant's case necessarily renders all other facts immaterial and entitles the moving party to summary judgment. *See Celotex*, 477 U.S. at 323; *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998).

**B.      *Plaintiff's Motion for Summary Judgment***

*1.      Lack of Defendants' Response*

Defendants have never responded to plaintiff's motion for summary judgment. On October 2, 2008, after months passed without a response from defendants, the court issued an order to show cause why it should not rule on plaintiff's motion for summary judgment in the absence of any response from defendants. *See* DE # 50. Defendants did not respond to the order to show cause.

The court may not enter summary judgment by default, i.e. "as a sanction for merely failing

3

to file a response." *See Trustees of Central Pension Fund of Int'l Union of Operating Engineers v. Wolf Crane Service, Inc.*, 374 F.3d 1035, 1040 (11th Cir. 2004).  The court must consider and rule on plaintiff's motion on the merits.  *See Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988).  Thus, the court proceeds to rule on plaintiff's motion, construing the record evidence in the light most favorable to defendants, but without the benefit of a response from either of the defendants.

> 2.     *Breach of Contract*

The elements of a breach of contract claim are (1) a valid contract; (2) a material breach; and (3) damages.  *See Technical Packaging, Inc. v. Hanchett*, 992 So.2d 309, 313 (Fla. 2d DCA 2008); *Friedman v. New York Life Ins. Co.*, 985 So.2d 56, 58 (Fla. 4th DCA 2008).

Defendants acknowledge that the parties entered into a valid contract.  *See* Defs.' Answer ¶ 10, 23.

Furthermore, it is clear that Goldberg & Associates, LLC materially breached the contract by failing to pay the amount required for the accounts under the contract.  Defendants' answer denies that it breached the contract, but the contract itself required Goldberg & Associates to make payment, and H&K's August 2007 letters support H&K's position that payment was never made.  *See* Pl.' Mot. Ex. B.  A letter sent to H&K from Goldberg in October 2007 acknowledges that payment had not been made by that time, and there is no evidence that payment was made since then.  *See id.* Ex. C.   As noted above, Goldberg has not filed any response or otherwise adduced any evidence to suggest that payment was made, or was for some reason excused.  Thus Goldberg & Associates, LLC breached the contract.

However, there is no indication that Steven Goldberg personally breached any contract.  The

4

contract with H&K was entered into by the entity Goldberg & Associates, LLC only, and the entity's performance was not guaranteed or secured by Steven Goldberg personally. *See* Compl. Ex. A. Under Florida law, the "corporate veil" may be disregarded to hold the shareholder or managing member personally liable only where the corporate entity is a "mere instrumentality" of the shareholder/member, and there has been improper conduct in the formation or use of the entity. *See Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So.2d 1114, 1120-21 (Fla. 1984); *Bellairs v. Mohrmann*, 716 So.2d 320, 323 (Fla. 2d DCA 1998). "Improper conduct" means that the corporate entity was formed or used for some illegal, fraudulent, or other unjust purpose. *See Hobbs v. Don Mealey Chevrolet, Inc.*, 642 So.2d 1149, 1156 (Fla. 5th DCA 1994); *Ally v. Naim*, 581 So.2d 961, 963 (Fla. 3d DCA 1991).

Although H&K has shown that the entity materially breached the contract, it has not shown that the corporate form was abused in such a way that the corporate veil should be pierced and the limited liability company's managing member held personally liable for the debts of the entity. Accordingly, the court will grant the motion for summary judgment as to Goldberg & Associates, LLC and deny it as to Steven Goldberg.

Finally, H&K must establish its damages. The victim of a breach of contract is generally entitled to such damages as would put the victim in the same position it would occupy had the contract been properly performed. *See Mnemonics, Inc. v. Max Davis, Associates, Inc.*, 808 So.2d 1278, 1280 (Fla. 5th DCA 2002). In this case, had the contract been properly performed, H&K would have received payment from Goldberg & Associates, LLC in the amount of $2,416,273.43 on July 27, 2007. Thus, H&K is entitled to receive that amount in damages, plus prejudgment interest calculated from that date. *See Argonaut Insurance Co. v. May Plumbing Co.*, 474 So.2d 212,

Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment
Hudson & Keyse, LLC v. Goldberg & Associates, LLC et al.
Case No. 07-81047-CIV-HURLEY/HOPKINS

215 (Fla. 1985); *Berloni S.p.A. v. Della Casa, LLC*, 972 So.2d 1007, 1011-12 (Fla. 4th DCA 2008).[2]

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1.      Plaintiff's motion for summary judgment [DE # 28] is **GRANTED IN PART** and

**DENIED IN PART** as follows:

     a.      The motion is **GRANTED** as to defendant Goldberg & Associates, LLC.

     b.      The motion is **DENIED** as to defendant Steven Goldberg.

2.      Pursuant to Fed. R. Civ. P. 58(a), the court will enter final judgment against

defendant Goldberg & Associates, LLC by separate order.

**DONE** and **ORDERED** in Chambers in West Palm Beach, Florida, this 24th day of March,

2009.

Daniel T. K. Hurley
U.S. District Judge

*Copies provided to counsel of record*

---

[2]  The prejudgment interest rate is established by the Chief Financial Officer of Florida pursuant to Fla. Stat. § 55.03.  *See Lerner v. Regency Homes, Inc.*, 745 So.2d 552, 553 (Fla. 4th DCA 1999).  For 2007 and 2008, the rate was 11 % *per annum*; for 2009, the rate is 8%.
554 days elapsed between July 27, 2007 and December 31, 2008, for a total of $403,458.71 in prejudgment interest for 2007 and 2008.  82 days have elapsed in 2009 for a total of $43,431.07 in prejudgment interest for 2009.  Thus the total amount owed to H&K, and to be awarded in judgment against Goldberg & Associates, LLC, is $2,863,163.21.

For updated court information, visit unofficial Web site at http://us.geocities.com/uscts